DRAGISH *v.* DRAGISH.

DIVORCE—EXTREME CRUELTY—ALIMONY.

> Although the wife left her home without sufficient cause, and was guilty of other acts entitling the husband to a decree of divorce on the ground of extreme cruelty, in view of the fact that she helped him accumulate the only property he had, a small house worth about $4,000, the decree is modified, on appeal, by increasing the award for permanent alimony from $300 to $1,000.

Appeal from Gogebic; Driscoll (George O.), J. Submitted January 4, 1928. (Docket No. 42.) Decided February 14, 1928.

Bill by Nick Dragish against Gabriela Dragish for a divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Jones & Patek,* for plaintiff.

*John A. Cadigan* and *Thomas J. Landers* (*Cadigan & Cadigan,* of counsel), for defendant.

SHARPE, J. The parties herein were married in 1895. They have four children. The youngest is now 19 years of age. The defendant left their home in June, 1925, and went to Chicago, but at plaintiff's request returned and stayed about one month, when she again left, and they have not since lived together. The bill of complaint herein, praying for a divorce, was filed by him on February 15, 1926. She made answer, and in a cross-bill asked that a divorce be granted unto her. Each of them claimed extreme cruelty was practiced on them by the other. The proof to sustain the charges is not very satisfactory. But the trial

---

Divorce, 19 C. J. § 614; 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360; 24 A. L. R. 918; 9 R. C. L. 334, 339; 5 R. C. L. Supp. 509.

court saw the parties on the witness stand and heard their testimony as well as that of the witnesses called to support their claims. He concluded an opinion filed by him, in which he reviewed the testimony, as follows:

"Plaintiff, I am satisfied, was a kind and indulgent husband. To refuse to speak to him, to ignore him, to prefer Ferlan's company to his, to keep the boarders contrary to his wishes, to favor the boarders in the matter of board and bedding, to refuse to cohabit with plaintiff, and, without fault on his part or reasonable excuse, to pick up and leave him without a home after he had faithfully worked for and supported her for 30 years amounts to such extreme cruelty as entitles him to a decree of divorce. A decree will be entered accordingly."

With some reluctance we are persuaded that we should not disturb this finding. The decree awarded defendant $300 as permanent alimony, payable within six months from the date thereof. Defendant insists that a much larger sum should have been allowed. The only property owned by plaintiff is a small house in the village of Jessieville, worth about $4,000. While the defendant left her home without sufficient cause, in view of the fact that she helped somewhat to accumulate what they had, we think this amount should be increased, and we fix it at $1,000, payable within three months from the entry of the decree in this court.

In that respect the decree of the court below will be modified, and, as so modified, affirmed. Defendant will have costs of this court.

NORTH, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.